# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG A. GENESS,<br>*Plaintiff,*<br><br>v.<br><br>ADMINISTRATIVE OFFICE OF PENNSYLVANIA COURTS, *et al.,*<br>*Defendants.* | CIVIL ACTION<br><br>No. 16-cv-00876 |

## SETTLEMENT AGREEMENT
## AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims ("Agreement") is entered into between CRAIG A. GENESS ("Plaintiff"), and the COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF HUMAN SERVICES ("Department").

**WHEREAS**, on June 17, 2016, the Plaintiff initiated an action in the United States Court for the Western District of Pennsylvania, captioned *Craig A. Geness v. County of Fayette, City of Uniontown, Jason Cox, James McVey and Jean McVey*, at Civil Action No. 2:16-cv-00876 (the "Litigation"); and

**WHEREAS**, on March 27, 2019, the Plaintiff filed his Second Amended Complaint at docket number 183, which added the Department as a defendant and alleged that Plaintiff was discriminated against because of his disability; and

**WHEREAS**, the Department denies that it discriminated against the Plaintiff; and

**WHEREAS**, the Plaintiff and the Department ("the Parties") now seek to amicably resolve the Litigation without the need for costly and uncertain litigation;

**NOW, THEREFORE**, the Parties agree as follows:

## NO ADMISSIONS

1.      This Agreement shall not constitute an admission of liability or fault on the part of the Department, and is entered into by the Parties for the sole purpose of avoiding the expenses of further litigation and to terminate all controversies and/or claims, or causes of action of whatsoever nature, known and unknown, including future developments thereof, in any way arising from, related to, growing out of, or in any way connected with the Litigation. Any such liability or fault is expressly denied by the Department.

## SETTLEMENT TERMS

2.      The Department agrees to pay the total sum of three hundred seventy five thousand dollars and zero cents ($375,000.00), with $160,636.74 made payable to the Law Office of Joel Sansone for attorneys' fees and costs and 214,363.26 dollars and cents ($214,363.26) to be placed into a special needs trust for CRAIG A. GENESS, in settlement of any and all claims of the Plaintiff against the Department based upon the events described in the Litigation, including, but not limited to, damages, costs, filing fees and attorneys' fees associated with this Litigation.

3.      Plaintiff agrees to establish a special needs trust for the purpose of maintaining his eligibility to receive benefits. The special needs trust must be reviewed and approved by the Department. Both the establishment and funding of the special needs trust must be approved by an Orphans' Court within the Commonwealth of Pennsylvania. Upon the order of the Orphans' Court approving the special needs trust, the Department shall pay 214,363.26 dollars to an account designated for the special needs trust.

4.      The Parties agree that this payment will be subject to any applicable sections of the Internal Revenue Code.  It is further agreed and understood that Plaintiff and his attorneys

are solely responsible for the tax liabilities and consequences, if any, related to their receipt of settlement monies pursuant to this Agreement, and Defendants shall bear no responsibility for any such liability or consequences, if any.

## GENERAL RELEASE OF CLAIMS AND COVENANT NOT TO SUE

5. Plaintiff, through his guardian, for himself and his respective heirs, executors, administrators, agents, trustees, beneficiaries and assigns, if any, for and in consideration of the settlement terms specified in paragraph 2 above, does hereby waive, release and forever discharge the Department from any and all claims related to the Litigation. Plaintiff hereby covenants not to file a lawsuit, claim, or complaint with any government agency or court asserting such claims. This release covers all claims, including any and all claims for attorneys' fees or costs growing out of this matter, which Plaintiff has, or may have, against the Department for or by reason of any cause, matter or thing for any time up to and including the date Plaintiff executes this Agreement. Plaintiff is barred from asserting any of the claims released herein or any other legal claim against the Department out of any actions occurring prior to the execution of this Agreement. If Plaintiff does commence, join in, continue or in any other manner attempt to assert a claim in violation of this release and covenant not to sue, or otherwise breaches any promise made in this Agreement, Plaintiff agrees to indemnify and hold harmless the Department from and against all losses incurred by them, including without limitation the Department's costs and attorneys' and expert fees in defending such claim or pursuing their rights thereunder.

6. The Parties retain the right to bring legal action to enforce any terms of this Agreement.

## DISCONTINUANCE

7. The Parties will jointly submit this Agreement for the Court's approval. If the

Court does not approve it, the Agreement will be deemed null and void, and the Parties will proceed with litigation. If the Court approves this Agreement, the Parties agree to permit the Litigation to be dismissed with prejudice.

## CONFIDENTIALITY

8. The Parties agree and acknowledge that the terms of this Agreement shall remain confidential and that they will not publicize, discuss, or otherwise disseminate its terms or conditions, except that, Plaintiff, through his guardian, is authorized to disclose the terms of this Agreement to his immediate family, his attorneys, and his financial and tax advisors. Unless otherwise required by law, in response to any inquiry concerning the disposition of the Litigation, Plaintiff shall state only that his "claims have been amicably resolved" and that he is "legally bound not to discuss or disclose any details." If Plaintiff, through his guardian, breaches this provision, he shall be required to pay the non-breaching party an amount equal to the entire settlement payment with interest, plus reimburse the non-breaching party for any expenses incurred in connection with its efforts to collect such amount, including without limitation, its attorneys' fees and costs.

9. The Parties may disclose the terms of this Agreement as required by law, pursuant to a valid order of Court, or in response to a valid Right to Know Request.

## NON-DISPARAGEMENT

10. The Parties agree to mutual non-disparagement and shall not make any disparaging remarks or otherwise communicate any disparaging comments to any third party regarding the matters that were the subject of the Litigation at any time following the execution of this Agreement.

## GOVERNING LAW

11. The Parties agree that, except to the extent any provision is governed by federal law that supersedes state law, this Agreement shall be construed and governed by the laws of the Commonwealth of Pennsylvania.

## DESCRIPTIVE HEADINGS

12. The headings used herein are descriptive only and for the convenience of identifying provisions of this Agreement and are not determinative of the meaning or effect of such provisions.

## SEVERABILITY

13. The Parties agree that if any court or tribunal of competent jurisdiction determines that any provision of this Agreement is illegal, invalid, or unenforceable, such illegal, invalid, or unenforceable, the provision shall be severed from this Agreement and the remainder of this Agreement shall not be affected thereby and shall remain in full force and effect.

## COUNTERPART AND FACSIMILE SIGNATURES

14. This Agreement may be executed and delivered in one or more counterparts, each of which shall be an original, but all of which, together, shall be deemed to constitute a single document. This Agreement shall become effective when each party has executed and delivered at least one such counterpart. This Agreement may be executed and delivered by facsimile transmission and any facsimile signatures on this Agreement shall be treated as original signatures for all purposes.

## AUTHORITY TO ENTER INTO THIS AGREEMENT

15. The Parties each represent and warrant that, as of the date of the execution of this Agreement, he/she/it has the right and authority to execute this Agreement. Each of the Parties and his/her/its signatory represents that the signatory is either a party or a representative fully authorized to execute this Agreement on behalf of the party for whom he or she signs.

## REPRESENTATION OF COMPREHENSION OF AGREEMENT

16. The Parties, or their guardians and legal representatives, hereto, have read the entire Agreement, have had the opportunity to discuss it with counsel, know its contents, and understand its significance, meaning, terms and binding effects. Attached to this Agreement as Appendix A is the consent of Plaintiff's guardian to the Agreement.

## ENTIRE AGREEMENT; AMENDMENT

17. The Plaintiff declares and represents that no promise or agreement has been made to him other than those expressed herein. The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the Parties hereto.

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, the Parties below have executed this Agreement:

### FOR THE PLAINTIFF CRAIG A. GENESS

| | |
|---|---|
| _____ | _____ |
| Joel Sansone, Esquire         Date | Karen Kiefer         Date |
| Counsel for Plaintiff | Limited Guardian of the person and estate of Craig A. Geness |
| | Plaintiff |

### FOR THE DEFENDANT COMMONWELATH OF PENNSYLVANIA, DEPARTMENT OF HUMAN SERVICES

| | |
|---|---|
| _____ | _____ |
| Valerie Vicari         Date | M. Abbegael Giunta         Date |
| Deputy Secretary | Deputy General Counsel |
| | Counsel for Defendant |

### APPROVED AS TO LEGALITY AND FORM:

| | |
|---|---|
| _____ | _____ |
| Matthew J. McLees         Date | Pamela Cross         Date |
| Deputy Chief Counsel | Deputy General Counsel |
| Department of Human Services | Governor's Office of General Counsel |