IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CRAIG GENESS | : CIVIL ACTION |
|---|---|
| v. | : NO. 16-876 |
| COMMONWEALTH OF PENNSYLVANIA | : |

## ORDER

**AND NOW**, this 7th day of November 2019, upon considering the Defendant's Motion to compel discovery (ECF Doc. No. 252), with no timely Opposition under our Policies, it is **ORDERED** Defendant's Motion to compel discovery (ECF Doc. No. 252) is **GRANTED in part** and **DENIED in part**:

1. We deny the partial motion to compel Plaintiff for a deposition,[1] as we have uncontradicted evidence from two doctors' medical expert reports and another doctor's testimony recommending a finding of incompetency and the Common Pleas Court of Fayette County's finding Plaintiff incompetent to stand trial;[2]

2. We deny the partial motion to compel Plaintiff to sign responses to interrogatories, as Plaintiff cannot reliably sign a verification associated with those responses;[3]

3. We grant the partial motion to allow the Administrative Office to depose the Guardian Karen Kiefer for no more than four hours as to her personal knowledge; and,

4. We deny the partial motion to compel a deposition of the Plaintiff's uncle Robert Slunsky absent a fulsome offer of proof as to information he may have relating to issues at trial and reminding Plaintiff's counsel we may likely segregate possible monetary resolution to protect

solely the Plaintiff's interest and a threat of funds reaching other family members is not grounds to avoid discovery but can certainly be addressed in the disposition of proceeds.

KEARNEY, J.

---

[1] "Every witness is presumed competent to testify, Fed. R. Evid. 601, so long as the witness (1) has personal knowledge of the matter, Fed. R. Evid. 602, and (2) gives an oath or affirmation to testify truthfully, Fed. R. Evid. 603. There are '[n]o mental or moral qualifications for testifying as a witness,' and '[a] witness wholly without capacity is difficult to imagine.' Fed. R. Evid. 601, Advisory Committee Notes to 1972 Proposed Rules." *United States v. Meehan*, 741 Fed.Appx. 864, 874 (3d Cir. 2018). Though competency of a witness is presumed, "the trial court 'must decide any preliminary question about whether a witness is qualified,' Fed. R. Evid. 104, and its determination about the competency of a witness to testify falls within its sound discretion." *Id*. The Defendant argues this Court has not yet determined the Plaintiff is incompetent to testify, a determination resting solely without our discretion (ECF Doc. No. 252 at 3). The Plaintiff argues he could not reliably take the oath for deposition testimony due to his mental incapacities (ECF Doc. No. 252-1 at 2). Plaintiff's deposition is not reasonably likely to lead to the discovery of admissible evidence because Plaintiff has been found incompetent by two doctors and another doctor's testimony suggests his judgment and comprehension are significantly impaired. We conclude the evidence suggests Plaintiff would be unable to understand the nature of the oath and Plaintiff's mental impairments would preclude the discovery of relevant evidence through his deposition. *See, e.g., Swanson v. Nims*, No. 06-93, 2008 WL 5140997 (N.D. Ind. Dec. 5, 2008) (denying a motion to compel plaintiff to attend his own deposition because the plaintiff had no recollection of the accident and a conservator had been appointed over his person and property, rendering any potential deposition of the plaintiff not reasonably likely to lead to the discovery of admissible evidence).

[2] In the Common Pleas Court of Fayette County's July 15, 2015 competency hearing, Dr. Scott Tracy swore, "he is not able to—I don't believe that he is able to process normal communication that occurred between humans that is back and forth that is receptive, reciprocal… I do not believe he is connected to reality… I believe any recall that he would be able to do would be impaired." (ECF Doc. No. 252-1 at 15-16). On September 4, 2011, Dr. Safdar Chaudhary found, "his insight was limited and judgment significantly impaired." (ECF Doc. No. 252-1 at 11). Dr. Chaudhary also wrote, "the defendant is unable to understand the full nature of charges against him and the object of criminal proceedings against him. He will not be able to assist his public defender nor be able to go through the trial with effective understanding…Most of his current difficulties and lack of competency to go through a trial is due to his mental retardation that is [a] pervasive challenge for him…" (ECF Doc. No. 252-1 at 11-12). On September 25, 2007, Dr. Daleep Rathore found: "In my clinical opinion, he is incompetent to stand trial. He was unable to provide understanding about his charges. He was unable to recognize the role of personnel in the court system including the role of judge, public defender and district attorney. He was unable to recognize different

2

methods of trial. He was unable to recognize various outcomes from his pending charges." (ECF Doc. No. 252-1 at 7).

[3] For the same uncontradicted reasons, Plaintiff is not presently competent to sign an oath verifying discovery responses. Plaintiff's counsel cannot sign interrogatory responses as suggested by the Defendant. *In Re: Asbestos Products Liability Litigation*, 2012 WL 5839023, No. 08-90234, at *21-27 (E.D. Pa. Nov. 16, 2012).