# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CRAIG GENESS | : | CIVIL ACTION |
|---|---|---|
| v. | : | NO. 16-876 |
| COMMONWEALTH OF PENNSYLVANIA | : | |

## ORDER

**AND NOW**, this 9th day of December 2019, upon considering the Plaintiff's Motion to compel (ECF Doc. No. 270), with supporting Memorandum (ECF Doc. No. 271), the Administrative Office of Pennsylvania Courts' Opposition (ECF Doc. No. 274), and having reviewed the contested discovery responses and mindful the Plaintiff's claim is based on deliberate indifference by the Administrative Office in its supervisory and reporting role, it is **ORDERED** Plaintiff's Motion to compel (ECF Doc. No. 270) is **GRANTED in part** and **DENIED in part** and Defendant Administrative Office shall, on or before **December 13, 2019,** provide fulsome responses to answer only[1]:

    1.    Whether the assigned Judges reviewed any report of evaluation regarding the Plaintiff's mental capacity or competency to stand trial during the period of Plaintiff's incarceration or forced detention as this information may address, more directly than reviewing transcripts, whether there is a procedure or expectation for judges to review evaluations during Plaintiff's incarceration or forced detention[2];

---

[1] Mr. Geness may not use admissions as argument points. The Administrative Office answered admissions requests addressing facts. It cannot admit issues of law or necessarily admit Mr. Geness's interpretation of Pennsylvania Rules. To the extent the parties differ, these issues are left for us.

[2] Mr. Geness's remaining requests to compel non-party judges' reasons for their conduct are denied without prejudice subject to exploring further information through deposition if necessary. Mr. Geness has not yet shown the relevance of the evidence of the judges' review of evaluation as he

2. Actions which the Administrative Office, including the details responsive to subsections a.- d. of Interrogatory No. 5, believes it might be able to pursue during Plaintiff's incarceration or forced detention upon notice or receipt of information regarding a mentally impaired pretrial detainee held in custody for a period in excess of the Pennsylvania statutory speedy trial requirement without being brought to trial including possibly responding there are no such obligations upon, or actions available, to the Administrative Office;

3. Whether the Administrative Office believes it had the authority or responsibility, including the details responsive to subsections a.- d. of Interrogatory No. 6, to contact the Pennsylvania Supreme Court during Plaintiff's incarceration or forced detention regarding a mentally impaired pretrial detainee including possibly responding it does not believe it possesses this authority or responsibility;

4. Whether the Administrative Office believes it had the ability, authority or responsibility, including the details responsive to subsections a.- d. of Interrogatory No. 7, to ask the Pennsylvania Supreme Court to directly intervene on behalf of a mentally impaired pretrial detainee during Plaintiff's incarceration or forced detention to compel the trial court to bring the mentally impaired individual to trial on criminal charges including possibly responding the Administrative Office does not believe it possessed this ability, authority or responsibility; and,

---

may not sue the judges for their conduct. This case involves the alleged supervisory failures which Mr. Geness claims demonstrate deliberate indifference to him. While this is serious litigation and the state judicial system has a significant role in the proofs, Mr. Geness has yet to show "why" judges did or did not review the evaluation is relevant to his claims against the supervisors. We do not see a basis for Mr. Geness asserting he is "tasked with proving ... the Judges of Fayette County Court of Common Pleas... were deliberately indifferent" to his constitutional rights. The question is whether the judges did review. The transcripts could possibly refer to evaluations. But they may not. And there may be evaluations not tethered to a transcribed hearing. Mr. Geness may discover if the judges reviewed evaluations and if so, which ones relating to identified hearings or otherwise. We will not allow the reasons for reviewing or not reviewing by non-party judges absent a further showing of relevance to claims against the Administrative Office.

5. A fulsome privilege log, including the author, all recipients, all persons copied, dates, detailed subject matter, of all documents withheld based on deliberative process, attorney-client, or work product privileges.

_____
KEARNEY, J.